| 85 | 11 |
| j189 | 4617 |

| 85 | 11 |
| 100a | 1534 |

## Matilda Phillips

### *v.*

## Henry C. Dickerson.

1. Damages—*when too remote.* Damages, to be recoverable, must be the natural and reasonable result of the defendant's act. If of such a consequence as, in the ordinary course of things, would flow from the act, or, in cases of contract, if it appears to have been contemplated by both parties, they may be recovered, otherwise they are too remote. A party can not be held responsible for injuries which could not reasonably have been foreseen or expected as the result of his misconduct.

2. Where a married woman sued to recover damages resulting from a fright which caused a miscarriage, and it appeared that the fright was caused by a quarrel between the defendant and the plaintiff's husband and a boy, within her hearing, but out of her sight, but not that the defendant knew she heard the same, or her condition, it was *held*, on demurrer to the evidence, that no recovery could be had.

3. Demurrer to evidence—*what it admits.* By demurring to evidence, the party admits its truth and all conclusions of fact which a jury might fairly draw from the same. He does not admit forced and violent conclusions, but the testimony must be taken most strongly against him.

4. INSTRUCTION — *to find for defendant.* Where the whole of the evidence for the plaintiff, if believed by the jury, is so insufficient to support a verdict in his favor, that the court would not permit one to stand, it is the duty of the court to instruct the jury, as matter of law, that there is not sufficient evidence to warrant a verdict for the plaintiff. Such an instruction, answering the purpose of demurrer to the evidence, must be tested by the same rules.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. ROWELL & HAMILTON, and Messrs. FIFER & PHILLIPS, for the appellant.

Messrs. HUGHES & McCART, and Mr. A. B. CAMPBELL, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, brought by Matilda Phillips, against Henry C. Dickerson, charging him with unlawfully entering the house of plaintiff, and violently and abusively conducting himself, whereby plaintiff became terrified, so that she was immediately taken with premature labor, the result of which was the birth of a dead child and great suffering to the plaintiff.

The defendant demurred to the plaintiff's evidence, and the court sustained the demurrer, and gave judgment for the defendant, to reverse which the plaintiff took this appeal.

The evidence for plaintiff shows that, on the 30th day of June, 1875, between dusk and dark, the defendant went to the house of plaintiff and her husband. Plaintiff had retired to bed, and on the porch at the back of the house were her husband and a boy by the name of Alladice. Phillips, the husband of plaintiff, was standing at the north door, which opened out upon the porch. Defendant came to the south door,— both doors being open,—and wanted to know where his boy was, meaning the boy Alladice, who had been working for him. Phillips answered that he was on the porch. Defendant

thereupon passed through the room on to the porch,—plaintiff being in bed in that room,—jerked the boy Alladice off the porch, and commenced abusing him. He then turned to Phillips and commenced abusing him, calling him offensive names, accused him of coaxing the boy away, then turned and knocked the boy down. Phillips then stepped back into the room and seized a pine board, whereupon defendant drew a knife and threatened to cut Phillips, using vile language. The knife was raised in a position to strike. Defendant talked very loud and in an angry tone, cursing and threatening Phillips. Phillips had been married less than a year, and his wife was then seven or eight months gone in pregnancy. Defendant left, with the boy, and immediately afterward Phillips found his wife suffering great pain, which lasted until about midnight. This was on Wednesday, and she continued suffering, but not so severely, until the following Monday morning, when she gave birth to a dead child. Defendant and Phillips were both farmers, living a little over a quarter of a mile apart, but defendant had never been in Phillips' house before, Phillips having moved to his place only in the March preceding.

From the evidence, it must be taken that the cause of this premature birth was the fear growing out of the violence of the defendant. The question is, whether such a result was such a natural and proximate consequence of defendant's conduct as to make him liable therefor.

In Mayne on Damages, p. 45, the general principle is thus stated: "The first, and in fact the only inquiry, in all these cases, is, whether the damage complained of is the natural and reasonable result of the defendant's act. It will assume this character if it can be shown to be such a consequence as, in the ordinary course of things, would flow from the act, or, in cases of contract, if it appears to have been contemplated by both parties. Where neither of these elements exists, the damage is said to be too remote;" and to like effect, see Addison on Torts, sec. 10.

In *Sharp* v. *Powell,* 2 Eng. Rep. 567, (L. R. 7, C. P. 253,) the defendant washed his van in a public street, in violation

of a statute. The waste water ran down the gutter to a grating leading to the sewer, about twenty-five yards off. The grating was obstructed by ice, and the water flowed over the street, and there froze. There was no evidence that the defendant knew of the grating being obstructed. The plaintiff's horse, while being led past the spot, slipped upon the ice and broke its leg. It was held, that the injury was too remote, as it was not such as the defendant could have foreseen as the ordinary or likely consequence of washing the van in the street.

In *Fent* v. *Toledo, Peoria and Warsaw Railway Co.* 59 Ill. 349, and *Toledo, Wabash and Western Railway Co.* v. *Muthersbaugh,* 71 id. 572, this court recognized, and in the latter case, acted on, the same principle—that a party is not to be held responsible for injuries which could not reasonably have been foreseen or expected as the results of his misconduct.

The plaintiff sues, here, for the effect of a fright which she received by reason of a quarrel between others. It took place between the defendant, and the husband and boy, alone, outside of the house, upon the porch, out of the presence and out of the sight of the plaintiff, although in her hearing—she being in bed in the room, some five or six feet from where the difficulty occurred; but the evidence does not show that defendant knew the latter fact, or the condition of the plaintiff.

As there may be evidence tending to prove knowledge of such facts, it is insisted that the demurrer admits all that the evidence tends to prove, and such knowledge must be held as admitted by the demurrer, however slight be the evidence tending to prove it. All the evidence there really was tending in this direction was, the distance apart at which the parties lived,—which is to be qualified by the fact that defendant had never been in the house before,—and the passing of defendant through the room where plaintiff was in bed. The little importance to be attached to the latter circumstance appears, from the plaintiff's testimony in regard to it, that it was between dusk and dark; that her bed was near the south door, at which defendant entered; that the door was open and the

open door was between the doorway and the bed; that defendant passed by the foot of the bed; that she did not see him till he got past the bed; that he passed right on through the room, saying nothing to her, nor she to him. "The party demurring," says Chief Justice MARSHALL, in *Pawling* v. *The United States*, 4 Cranch, 221, "admits the truth of the testimony to which. he demurs, and also those conclusions of fact which a jury may fairly draw from that testimony.· Forced and violent inferences he does not admit; but the testimony is to be taken most strongly against him, and such conclusions as a jury might justifiably draw, the court ought to draw."

In *Park* v. *Ross*, 11 How. 362, the court below had given the instruction that, if the evidence was believed by the jury to be true, the plaintiff was not entitled to recover. It was said in that case: "But a jury has no right to assume the truth of any material fact, without some evidence legally sufficient to establish it. It is, therefore, error in the court to instruct the jury that they may find a material fact, of which there is no evidence from which it may be legally inferred. Hence the practice of granting an instruction like the present, which makes it imperative upon the jury to find a verdict for the defendant, and which has, in many States, superseded the ancient practice of a demurrer to evidence. It answers the same purpose and should be tested by the same rules. A demurrer to evidence admits not only the facts stated therein, but also every conclusion which a jury might fairly or reasonably infer therefrom." *Schuchardt* v. *Allens*, 1 Wall. 369; *Hansbrough's Exrs.* v. *Thorn*, 3 Leigh, 147. And in *Reed* v. *Derfed*, 8 Allen, 524, it is said: "Where the whole evidence introduced by the plaintiff, if believed by the jury, is so insufficient to support a verdict, that the court would not permit one to stand, it is the duty of the court to instruct the jury, as matter of law, that there is not sufficient evidence to warrant a verdict for the plaintiff." *Stuart* v. *Simpson*, 1 Wend. 376.

The evidence tending to prove any knowledge by defendant of the place where plaintiff was at the time, and, much more,

of her condition, was altogether too slight to support a finding of such knowledge, and may properly be considered, in this regard, as no evidence. Such knowledge, then, does not stand admitted by the demurrer.

The result complained of was not such a consequence as, in the ordinary course of things, would flow from defendant's conduct. He had no reason to apprehend that what took place between himself, and Phillips, the husband, and the boy, alone, would occasion danger to some third person, who was not present, through fright. The injury in question not being one which the defendant could reasonably be expected to anticipate as likely to ensue from his conduct, we can not regard it as the natural consequence thereof, for which defendant is legally responsible.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. Justice Scott dissenting.