Ann Fitzpatrick *et al.* Admrs.

*v.*

The Chicago and Western Indiana Railroad Company.

*Filed at Ottawa October 31, 1891.*

1. Construction of statutes—*re-enactment—how construed.* Where the legislature re-enacts a section of a statute, and employs the same language that was found therein before such re-enactment, it will be presumed that it did so having in mind the construction that had already been placed upon it by the courts.

2. Appeal from Appellate Court—*certificate of importance.* In an action to recover damages for the death of one by negligence, a judgment of the Appellate Court affirming the judgment of the trial court

in favor of the defendant is final, unless the judges of that court make a certificate that the cause involves some question of law which, on account of principal or collateral interests, should be passed upon by this court. The amendment, in 1887, of section 8 of the Appellate Court act of 1877 does not apply where there has been a trial on an issue of fact.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. A. N. WATERMAN, Judge, presiding.

Mr. JOHN GIBBONS, for the plaintiffs in error.

Messrs. OSBORNE & LYNDE, for the defendant in error.

Mr. JUSTICE BAKER delivered the opinion of the Court:

A motion was entered herein by defendant in error to dismiss the writ of error for want of jurisdiction. The action was case, brought by plaintiffs in error, to recover damages for negligently causing the death of their intestate. Damages were claimed in the declaration in the sum of $5000. There was a jury trial in the circuit court on a plea of not guilty, and the verdict was for defendant in error, and a judgment was rendered thereon against plaintiffs in error for costs. That judgment was affirmed in the Appellate Court. The record was then brought here by this writ of error. There is no certificate of importance.

It is urged that a correct construction of section 8 of the Appellate Court act of 1877, and of that section as amended in 1887, shows it was not intended that the restriction of the right of appeal or to a writ of error in respect to judgments of the Appellate Courts rendered in cases sounding in damages should apply to a party plaintiff against whom a judgment for costs, only, had been rendered in the trial court. It was decided by this court in *Smith* v. *Harris et al.* 113 Ill. 136, and in *Baxtrom* v. *Chicago and Northwestern Railway Co.* 117 id. 150, in construing the statute of 1877, that in an action to

recover damages growing out of alleged negligence, a judgment of the Appellate Court affirming a judgment of the trial court in favor of the defendant is final, and unless the judges of the Appellate Court make a certificate that the cause involves some question of law which, on account of principal or collateral interests, should be passed upon by this court, no writ of error would lie from this court to review the judgment of the Appellate Court. Said decisions of this court were made in 1885 and in 1886, respectively. Subsequently, in 1887, the General Assembly passed an act amending said section 8. (Laws of 1887, p. 156.) In said section, as amended, and so far as concerns the matter of appeals from or writs of error to Appellate Courts, the same language was used that had been construed by this court in the cases above cited. The only change made in respect thereto was the adoption of an additional proviso, "that in all actions where there was no trial on an issue of fact in the lower court, appeals and writs of error should lie from the Appellate Courts to the Supreme Court, where the amount claimed in the pleadings exceeds $1000." It must be presumed that when the legislature re-enacted said section 8, and employed the same language that was found therein prior to such re-enaction, it did so having in mind the construction that had already been placed upon it by the courts. We must, in view of our former decisions, and of this subsequent legislative action, regard the question of the construction of the language of the statute as no longer an open one.

In the suit at bar there was a "trial on an issue of fact in the lower court," and therefore the case does not fall within the additional proviso found in the section as amended in 1887. If the legislature had intended to give to plaintiffs in actions sounding in damages the right to bring to this court, by writ of error or appeal, all judgments of the Appellate Courts in cases where the amount claimed in the pleadings exceeds $1000, it must be presumed that it would have used apt language to express such intention; but, instead of doing this,

such right was, by restrictive words, confined to "actions where there was no trial on an issue of fact in the lower court."

The motion of defendant in error must prevail. The writ of error is dismissed.     *Writ of error dismissed.*