WALTER FISHER, by his next friend,

v.

THE NUBIAN IRON ENAMEL COMPANY.

*Filed at Ottawa November 9, 1896.*

APPEALS AND ERRORS—*language of amendment to Appellate Court act construed.* Where a jury has returned a verdict for defendant, as instructed by the court, there has been a "trial of an issue of fact," within the meaning of the third proviso of the amendment to the Appellate Court act, (Laws of 1887, p. 156,) and the case can not be appealed from the Appellate Court without a certificate of importance, though the pleadings claim damages exceeding $1000.

*Fisher* v. *Nubian Iron Enamel Co.* 60 Ill. App. 568, dismissed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

WILCOX & GETTYS, for appellant:

Where the pleadings claim more than $1000, and the trial court, after the plaintiff rests, instructs the jury to find the defendant not guilty, there is no trial on an issue of fact in the lower court. For the court to instruct the jury to find the issue for the defendant after the plaintiff has closed his evidence is, in effect, the same thing as sustaining a demurrer to the evidence. *Doane* v. *Lockwood,* 115 Ill. 490 ; *Pennsylvania Co.* v. *Backes,* 133 id. 255.

J. T. HANNA, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant brought this action in the circuit court of Cook county to recover damages for a personal injury alleged to have been received from the negligence of the appellee. In his declaration he claimed damages for more than $1000. A plea of the general issue was filed and the case submitted to a jury. After the plaintiff had introduced all his evidence the defendant asked the court to

instruct the jury to return a verdict for it, which request was allowed and the jury so instructed. A verdict, in obedience to that instruction, of not guilty having been returned by the jury, judgment was entered for the defendant against the plaintiff for costs of suit. On appeal to the Appellate Court for the First District that judgment was affirmed, and the plaintiff below now prosecutes this appeal without any certificate from the judges of the Appellate Court that the case involves questions of law which should be passed upon by this court.

The first question discussed in the briefs of counsel for the respective parties is, whether this court has jurisdiction of the case. It is clear that under the Appellate Court act, as it existed prior to the amendment approved June 6, 1887, the case was not, as a matter of right, appealable to this court, the judgment in the circuit court being for less than $1000, although the amount claimed in the declaration exceeded that amount. (*Smith* v. *Harris*, 113 Ill. 136; *Tucker* v. *Agricultural Board*, 154 id. 593.) We think it equally clear the amendment referred to has not changed the law in this respect, as applied to the facts of this case.

The proviso relied upon by appellant as giving him the right of appeal to this court is as follows: "*And provided further*, that in all actions where there was no trial on an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Courts to the Supreme Court where the amount claimed in the pleadings exceeds one thousand dollars ($1000)." The contention of counsel is, that inasmuch as the court below instructed the jury to find for the defendant, "no trial on an issue of fact" was had in that court, and therefore the amount claimed in the declaration determines the right of appeal. We do not think the proposition is one admitting of discussion. That there was a trial on an issue of fact is too clear for argument. All that can be said is, that that trial resulted in a finding against the plaintiff because of

a peremptory instruction of the court, rather than from general instructions as to the law of the case. Clearly no right of appeal to this court is given the plaintiff except upon a certificate of importance, as provided by the statute, and the appeal will be dismissed.

*Appeal dismissed.*