## Edward M. Cummings

*v.*

## The Chicago and Northwestern Railway Company.

*Opinion filed April 18, 1901.*

1. Appeals and errors—*amendment of section 8 of Appellate Court act construed.* The "issue of fact" mentioned in the amendment of section 8 of the Appellate Court act, (Laws of 1887, p. 156,) providing that where there is no trial of an issue of fact appeals and writs of error shall lie from the Appellate to the Supreme Court where the amount claimed in the pleadings exceeds $1000, is the issue made by traversing the allegations of fact contained in the pleadings, as contradistinguished from an issue of law raised by challenging the legal sufficiency of the pleadings, and has no reference to the various questions of law or fact which may arise out of the evidence during the trial.

2. Same—*legal sufficiency of the evidence is a question of law.* The legal sufficiency of the evidence to sustain a cause of action is a question of law, and its decision by the court does not deprive the party against whom it is rendered of the right to trial by jury.

3. Same—*when Supreme Court cannot entertain appeal though amount claimed by the pleadings exceeds $1000.* If the parties to a personal injury suit go to trial on a plea of the general issue, and a verdict is returned under a peremptory instruction for the defendant after all the evidence is in, there has been a trial of an issue of fact, and the Supreme Court cannot entertain an appeal or writ of error, in case of affirmance by the Appellate Court, in the absence of a certificate of importance, though the pleadings claim more than $1000. (*Fisher* v. *Nubian Iron Enamel Co.* 163 Ill. 387, adhered to.)

4. Same—*how Supreme Court's appellate jurisdiction is determined.* If there has been a trial of an issue of fact in the lower court resulting in a judgment against the plaintiff for costs, based upon a verdict returned by the jury under a peremptory instruction to find for the defendant, the Supreme Court, in determining its appellate jurisdiction, on appeal from or writ of error to the Appellate Court, will look to the judgment for the amount involved, and not to the pleadings.

Magruder, J., dissenting.

*Cummings* v. *C. & N. W. Ry. Co.* 89 Ill. App. 199, writ dismissed.

Writ of Error to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. John Barton Payne, Judge, presiding.

OTTO GRESHAM, for plaintiff in error.

A. W. PULVER, (E. E. OSBORN, and LLOYD W. BOWERS, of counsel,) for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error brought suit in the superior court of Cook county against defendant in error to recover damages for a personal injury alleged to have been caused by the negligence of the defendant. At the close of all the evidence offered on the trial the court instructed the jury to find the defendant not guilty. The jury so found, and judgment was rendered against the plaintiff for costs. On appeal the Appellate Court affirmed the judgment and denied plaintiff's motion for an appeal and for a certificate of importance. Thereupon the plaintiff sued out this writ of error to the Appellate Court to bring the record here for review.

The defendant in error has moved this court to dismiss the writ of error on the ground that this court has no jurisdiction to correct the alleged errors supposed to have been committed below. This motion having been reserved will now be disposed of, and from the view we take of the question it must result in the final disposition of the case in this court.

By an amendatory act the legislature, in 1887, (Laws of 1887, p. 156,) added to section 8 of the Appellate Court act (Hurd's Stat. 1889, p. 415,) this proviso: "*And provided further*, that in all actions where there was no trial on an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Courts to the Supreme Court where the amount claimed in the pleadings exceed one thousand dollars ($1000)." Prior to this amendment we held that in such cases, where the judgment was in favor of the defendant, this court had no jurisdiction to review the record on appeal or writ of error without a certificate of importance granted by the Appellate Court. (*Smith* v. *Harris*, 113 Ill. 136; *Baxtrom* v. *Chicago and North-*

*western Railway Co.* 117 id. 150; *Fitzpatrick* v. *Chicago and Western Indiana Railroad Co.* 139 id. 248.) The case last cited was decided after the amendment was added to the statute, but it was held that, inasmuch as there was "a trial on issue of fact in the lower court," the case did not fall within said amendment or proviso, and that we could not look to the pleadings to determine the amount in controversy. It does not appear, however, in that case, that the jury returned a verdict for the defendant in obedience to a peremptory instruction given by the court.

But the precise question involved here was decided by this court in *Fisher* v. *Nubian Iron Enamel Co.* 163 Ill. 387. In that case the action was one sounding in damages, and the amount claimed in the declaration exceeded $1000. The general issue was filed, and the parties went to trial on such issue before the court and a jury. At the close of the evidence for the plaintiff the court, on motion of the defendant, instructed the jury to find the issue for the defendant, and the jury, following the instruction, so found and returned the verdict. Judgment for costs was rendered against the plaintiff and the Appellate Court affirmed the judgment. The plaintiff appealed to this court without having obtained a certificate of importance, and we dismissed the appeal because the case did not fall within the proviso above set out, and the judgment being for less than $1000, no appeal lay to this court. We said in that case: "That there was a trial on an issue of fact is too clear for argument. All that can be said is that that trial resulted in a finding against the plaintiff because of a peremptory instruction of the court, rather than from general instructions as to the law of the case."

Plaintiff in error concedes that if that decision be adhered to it is decisive of the case at bar, but he insists most earnestly that the *Fisher case* was decided incorrectly and ought to be overruled, because, as he contends, "there was no trial on an issue of fact in the lower

court," and the damages claimed in the declaration being in excess of $1000, this court has jurisdiction on appeal or writ of error, under said proviso, without a certificate of importance. We had not supposed that there was room for serious differences of opinion on the question even before the decision in the *Fisher case*, and that after that case was decided it would be accepted as a final disposition of the question. But as counsel contends here, with great earnestness and ability, that there was no trial in the *Fisher case* nor in the case at bar on an issue of fact in the lower court, but only on an issue of law, and that the result of our decisions is to deprive the plaintiff in such a case of the right of trial by jury, we have thought it proper to re-examine the question, and, so far as necessary, the grounds upon which the decision in the *Fisher case* rests.

It is not contended by counsel that the cases decided before the *Fisher case* (some of which are cited above) were decided erroneously, but it is insisted that the proviso in question was added to cure the defect in the statute, which, before its amendment, left the plaintiff without the right of appeal to this court where a final judgment for costs rendered against him in the trial court had been affirmed in the Appellate Court, although, if entitled to recover at all, he would be entitled to recover a much larger amount than $1000. In the *Fitzpatrick case, supra,* it was said (p. 250): "We must, in view of our former decisions and of this subsequent legislative action, regard the question of the construction of the language of the statute as no longer an open one." Inasmuch, however, as it does not appear that the jury was instructed in that case to return a verdict for the defendant, it may be considered as falling somewhat short of the precise question decided in the *Fisher case* and raised in the case at bar. Still, no material difference as to the question we are considering can be perceived between a case in which, after the evidence has been heard, the jury finds a ver-

dict for the defendant because of general instructions given by the court as to the law of the case, and one in which, because of the legal insufficiency of the evidence, the jury finds for the defendant because the court instructs it to do so. In both cases the defendant obtains the verdict because of a decision of a question of law by the court, and in both cases there is "a trial on an issue of fact." In the case at bar a plea of not guilty was filed and the parties went to trial on the issue of fact thus made and all the evidence on both sides was heard. Surely it cannot be said that they were not then engaged in a trial on an issue of fact.

But it is said that the motion to instruct the jury to find for the defendant raised a question of law precisely as a demurrer to the evidence would have done, and that this question, or issue of law, was submitted to the court for decision. This is certainly true; but while the trial is proceeding on an issue of fact there may be many questions of law raised and submitted to the court for decision, and which may have a more or less decisive effect on the final result, and still the trial is had on an issue of fact,—that is, on the issue of fact joined by the pleadings. Had either party raised an issue of law by demurring to the pleading of his adversary and submitted the case to the court for final decision on the issue of law so raised, there would not have been a trial on an issue of fact but on an issue of law only, and the pleadings upon which the trial was had would, under the proviso, have determined the amount involved in the suit. But in the case at bar the trial was not upon the sufficiency of the pleadings but on the sufficiency of the evidence heard on an issue of fact. The mere fact that after the evidence was heard the question became one of the legal sufficiency of the evidence to maintain the action, instead of one involving the preponderance or weight of the evidence, would not affect the proposition that there was a trial on an issue of fact. In the former case the jury finds

for the defendant because the court instructs it that the evidence is legally insufficient to maintain the plaintiff's action, and in the latter, because the court instructs it that the burden of proof is on the plaintiff to prove his cause of action by the greater weight or by a preponderance of the evidence, and the jury finds there is no such preponderance in favor of the plaintiff. Illustration can hardly make the proposition clearer; but let it be supposed that the action is one requiring proof of a demand made by the plaintiff before he can recover, and the proof, otherwise complete, fails to show such a demand, or is one where the plaintiff fails to prove some other fact legally necessary to sustain a judgment in his favor, and he persists in submitting his case to the jury, the court would be authorized to instruct the jury to find for the defendant, and in such a case it could hardly be contended there was no trial on an issue of fact. Here was a verdict of the jury on an issue of fact joined by the parties, and the mere fact that such verdict was returned in compliance with an instruction of the court, made necessary by the decision of a question of law arising upon the evidence, is as immaterial upon the question we are considering as would be the decision of any other question of law arising during the trial. The issue of fact mentioned in the statute is the issue made by the pleadings,—that is, by joining issue upon the allegations of fact contained in the pleadings,—as contradistinguished from an issue of law raised by the pleadings by challenging their legal sufficiency, as by demurrer. It has no reference to the various questions of law or fact, however decisive or conclusive, which may arise out of the evidence during the progress of the trial.

Nor can it be correctly said that such a construction of the statute deprives either party of the right of trial by jury. Questions of law in civil cases are not submitted to the jury. The legal sufficiency of the evidence to sustain a cause of action is a question of law, and its

decision by the court does not deprive the party against whom it is rendered of the right of trial by jury as heretofore enjoyed. In such a case the court does not pass upon the weight of the evidence nor the credibility of witnesses, but, admitting all that the evidence proves or fairly tends to prove in support of the cause of action, the court simply determines, as a question of law, the legal sufficiency of the evidence to sustain such cause of action. (*Frazer* v. *Howe,* 106 Ill. 563; *Pennsylvania Co.* v. *Conlan,* 101 id. 93; *Pullman Palace Car Co.* v. *Laack,* 143 id. 242; *Gartside Coal Co.* v. *Turk,* 147 id. 120; *Offutt* v. *World's Columbian Exposition,* 175 id. 472; *Illinois Central Railroad Co.* v. *Griffin,* 184 id. 9.) This rule of law obtains in all cases where there is in the eye of the law an insufficiency of evidence, without regard to the amount involved. And we are unable to see how the question whether $1000 is involved, and consequently whether this court has jurisdiction on appeal or error, has anything to do with the right of trial by jury. The point made goes to the rule above mentioned, and long established, of the power of the court to direct a verdict in any case, rather than to the question of the appellate jurisdiction of this court. The question whether the court, on appeal, should look to the judgment or to the pleadings to determine the amount involved has nothing to do with the right of trial by jury. Nor does the statute, as construed, deprive any suitor or class of suitors of the equal protection of the laws, as counsel seems to suppose. If it does, then every limitation to the appellate jurisdiction of this court operates in the same way. The real question involved is, of course, our appellate jurisdiction, and that depends on the construction of said proviso to section 8 of the Appellate Court act, counsel for plaintiff contending that we must look to the declaration to determine the amount involved, while we are still of the opinion, as we have heretofore decided, that we must look to the judgment.

The writ of error is dismissed.    *Writ dismissed.*

Mr. JUSTICE MAGRUDER, dissenting:

In this action, brought by plaintiff in error against defendant in error to recover damages for a personal injury, the damages are laid in the declaration at $50,000.00, and defendant in error filed the general issue. At the close of all the evidence introduced by both sides the trial court took the case from the jury, and instructed them to find for the railroad company, defendant below. Plaintiff below excepted to the action of the court in instructing the jury to find the defendant not guilty. Judgment was rendered against plaintiff for costs, which has been affirmed by the Appellate Court. The case has been brought here by writ of error, and the writ of error is dismissed for alleged want of jurisdiction. I cannot concur in the view that it is right thus to turn the plaintiff in error out of court without giving him a hearing upon the merits of his case, and without reviewing the action of the court below in taking the case from the jury.

The proviso of the amendatory act of 1887, set forth in the opinion of the majority, provides "that, in all actions where there was no trial on an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Courts to the Supreme Court where the amount claimed in the pleadings exceeds one thousand dollars ($1000.00)." Here, the amount claimed in the declaration exceeds $1000.00, and, therefore, a writ of error will lie from the Appellate Court to this court in this action, if "there was no trial on an issue of fact in the lower court." Was there a trial on an issue of fact in the lower court? Clearly not. The lower court took the case from the jury, and instructed the jury to find for the defendant below. The trial court had no right to do this, unless it appeared that there was no evidence tending to support the cause of action set up in the plaintiff's declaration. We have held over and over again that, if there is evidence tending to show the plaintiff's right to recover, there must be a submission of the case to the jury. It is only where

the evidence does not tend to support the cause of action, that the trial court is authorized to instruct the jury to find for defendant. *Pullman Palace Car Co.* v. *Laack*, 143 Ill. 242; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Baddeley*, 150 id. 328; *Landgraf* v. *Kuh*, 188 id. 484).

The question, whether or not the evidence tends to establish a cause of action, is a question of law for the court. We have so held in a number of cases. "It is said that whether there is evidence, tending to prove the plaintiff's cause of action or the defendant's ground of defense, presents a question of law for the determination of the court. That is true if the question is made. * * * So, if the court should give an instruction, directing the jury to find for the defendant upon any hypothesis and the plaintiff should except to it, the same question would be raised. * * * Where an exception is taken to the ruling of the trial court upon a demurrer to the evidence, · or a motion to exclude it from the jury, or to find for one or the other of the parties, this court would be bound to examine the evidence in order to determine the propriety of the ruling of the court below." (*Cothran* v. *Ellis*, 125 Ill. 496). In the case at bar, the plaintiff below excepted to the instruction given by the court, directing the jury to find for the defendant, and, therefore, there was presented for the determination of the trial court the question of law, whether the evidence tended to prove the plaintiff's cause of action. The case was disposed of by the decision of this question of law. There was no trial on the facts before the jury. The jury were not allowed to have anything to say about the facts. The court determined, as a matter of law, that the facts did not tend to show a cause of action, and, therefore, instructed the jury to find the defendant not guilty.

"An instruction to find against the party, upon whom rests the burden of proof, on the ground that there is no evidence legally tending to prove his cause, * * * is in the nature of a demurrer to the evidence, and, except

'as to technical methods of procedure, is governed by the same rules." (*Offutt* v. *World's Columbian Exposition*, 175 Ill. 472). In *Frazer* v. *Howe*, 106 Ill. 563, we said (p. 573): "Motions to exclude evidence, and motions to instruct the jury to find for the defendant in such cases, are in the nature of demurrers to evidence, and hence they admit not only all that the testimony proves, but all that it tends to prove." (*Pennsylvania Co.* v. *Conlan*, 101 Ill. 93.)

In *Joliet, Aurora and Northern Railway Co.* v. *Velie*, 140 Ill. 59, we said (p. 61): "A motion to exclude the evidence operates as a demurrer to the evidence. Where the defendant demurs to the plaintiff's evidence he must be held to admit not only all that the plaintiff's testimony proves, but all that it tends to prove. * * * The object of the demurrer is to refer to the court the law arising from facts. Nothing remains but that the court should apply the law to the admitted facts." In *Valtez* v. *Ohio and Mississippi Railway Co.* 85 Ill. 500, we said: "It is the office of a demurrer to the evidence to withdraw the issues from the jury, in order that the court may pronounce the law upon the facts admitted by the demurrer. The defendant, in effect, says to the plaintiff, by demurring to the evidence, that all the facts such evidence tends to prove are admitted to exist, but upon those facts you are not entitled to recover, and on that we demand the judgment of the court." In *Phillips* v. *Dickerson*, 85 Ill. 11, we said (p. 15): "Hence, the practice of granting an instruction like the present, which makes it imperative upon the jury to find a verdict for the defendant, and which has, in many States, superseded the ancient practice of a demurrer to evidence. It answers the same purpose and should be tested by the same rules. A demurrer to evidence admits not only the facts stated therein, but also every conclusion which a jury might fairly or reasonably infer therefrom." In *Howe* v. *Medaris*, 183 Ill. 288, we said (p. 295): "Whether this record contains any evidence, tending to prove each and every ele-

ment of plaintiff's cause of action,  *  *  *  was raised
by the instruction asked on behalf of the defendants and
refused, as a question of law reviewable in this court."

It is difficult to see how there could be any trial on
an issue of fact in the lower court, when that court in-
structed the jury to find for the defendant, and the plain-
tiff excepted to the giving of such instruction. The only
question thereby raised was a question of law, and not
a question of fact. It follows that this court has a right
in this case to entertain the writ of error, and determine
whether the court below erred in taking the case away
from the jury, as it did. If there was any dispute as to
the facts, or, in other words, if the evidence below so far
tended to sustain the cause of action as to justify a trial
of the facts before the jury, then the court below erred
in instructing the jury to find the defendant not guilty.
Where there is a dispute about the facts, and the plain-
tiff is compelled to have the controversy about the facts
decided by the court, he is thereby in effect deprived of
his constitutional right to have his case tried by a jury.
(*Joliet, Aurora and Northern Railway Co.* v. *Velie, supra; Crowe*
v. *People*, 92 Ill. 231). To my mind there is a very material
difference between a case in which, after the evidence
has been heard, the jury finds a verdict for the defendant
because of general instructions given by the court as to
the law of the case, and a case in which, because of the
legal insufficiency of the evidence, the jury finds for the
defendant because the court instructs it to do so. In the
former case, the jury is allowed to perform its legitimate
function of passing upon the evidence which has been
heard, and the court adheres to the legitimate duty im-
posed upon it of instructing the jury as to the law. But,
in the latter case, the jury performs no function what-
ever; that is to say, it does not pass upon the facts, but
the court applies the law to the facts and makes any ac-
tion whatever by the jury unnecessary. In other words,
the jury in the first case passes upon the facts under the

general instructions of the court as to the law, but, in the latter case, the court disposes of the case by deciding a question of law, and deprives the jury of any opportunity to pass upon the facts at all, either under general instructions, or otherwise.