## JOHN L. ROBARDS

*v.*

## THE WABASH RAILROAD COMPANY.

*Opinion filed February 21, 1902.*

APPEALS AND ERRORS—*when Supreme Court does not have jurisdiction without certificate of importance.* A verdict for the defendant in a personal injury case, returned under a peremptory instruction, is the result of a "trial of an issue of fact," and the Supreme Court does not have jurisdiction of an appeal from the Appellate Court's judgment of affirmance in the absence of a certificate of importance, even though errors of law are assigned upon rulings in respect to the pleadings.

*Robards* v. *Wabash Railroad Co.* 84 Ill. App. 477, writ dismissed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

ROBERT H. PATTON, and CHARLES MCGAVIN, for plaintiff in error.

C. N. TRAVOUS, for defendant in error.

Mr. JUSTICE RICKS delivered the opinion of the court:

This case is brought here by writ of error to the Appellate Court for the Third District, to reverse a judgment affirming the judgment of the circuit court of Sangamon county in an action on the case for personal injury alleged to have been sustained by the plaintiff in error by being struck by an engine operated by the servants of the defendant in error in the city of Springfield. The declaration contained five counts. The first, second and fourth counts alleged that the defendant *negligently* and *carelessly* did the things complained of, which resulted in plaintiff's injury, and that plaintiff was exercising due care. The third and fifth counts charged that the defendant *recklessly* and *willfully* did the wrongs complained

of, and that plaintiff was in the exercise of due care. A demurrer was sustained to the first, second and fourth counts of the declaration. The general issue was filed to and a trial by jury had upon the third and fifth counts. At the close of all the evidence the court, on the request of the defendant, directed a verdict for the defendant and entered judgment against the plaintiff for costs. The case was taken to the Appellate Court, and among the errors assigned were the sustaining of the demurrer to the first, second and fourth counts of the declaration, and to giving the peremptory instruction, and other errors. The Appellate Court affirmed the judgment of the circuit court, and, without obtaining a certificate of importance, plaintiff prosecutes this writ.

Defendant in error made a motion in this court to dismiss the case for want of jurisdiction, assigning as ground for the motion that there was a trial in the circuit court on an issue of fact and a verdict for less than $1000, which was affirmed by the Appellate Court, and which defendant in error says became final by operation of the statute relating to Appellate Courts. Plaintiff in error insists that the sustaining of the demurrer to the three counts in the declaration, which, he says, charged ordinary negligence, was error, and that he stood by the counts and relied on the error in the motion for a new trial on appeal to the Appellate Court, and now insists upon the same here by specific assignment, and contends that such errors take the case out of the operation of the statute. The jurisdiction of this court being questioned, it must first be determined.

Section 8 of the Appellate Court act, (Laws of 1877, p. 69,) as originally passed, contained this clause: "In all cases determined in said Appellate Courts, in actions *ex contractu*, wherein the amount involved is less than $1000, exclusive of costs, and in all cases *sounding in damages*, wherein the judgment of the court below is less than $1000, exclusive of costs, and the judgment is affirmed or

otherwise finally disposed of in the Appellate Court, the judgment, order or decree of the Appellate Court shall be final, and no appeal shall lie or writ of error be prosecuted therefrom." To that clause was added a proviso defining the term *ex contractu*, and a further proviso that the cases covered by the above clause might be brought to this court upon a certificate by the majority of the judges of the Appellate Court, that the case involved questions of law of such importance, either on account of principal or collateral interests, as they should be passed upon by the Supreme Court. The statute thus remained until 1887, when the following additional proviso was added: "*And provided further*, that in all actions where there was no trial on an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Courts to the Supreme Court where the amount claimed in the pleadings exceeds $1000."

There were decided before this last proviso, the cases of *Smith* v. *Harris*, 113 Ill. 136, and *Baxtrom* v. *Chicago and Northwestern Railway Co.* 117 id. 150, in which we held that in the class of cases above referred to the judgment of the Appellate Court was final, and that nothing but a certificate of importance could take the case out of the provisions. After the enactment of the last proviso above mentioned, the cases of *Fitzpatrick* v. *Chicago and Western Indiana Railroad Co.* 139 Ill. 248, and *Tucker* v. *Champaign County Agricultural Board*, 154 id. 593, were decided, and the above cases were re-affirmed and the rule stated in them adhered to in the case of *People* v. *Midkiff*, 174 Ill. 323. The case of *Fisher* v. *Nubian Iron Enamel Co.* 163 Ill. 387, was brought to this court, in which it was contended that a case in which a verdict was brought about by a peremptory instruction was not a case in which there had been "a trial on an issue of fact" within the last proviso of the above section, and that such cases were entitled to the benefit of the last proviso, and this court had jurisdiction of them. We there held that a verdict so pro-

duced was the result of the trial of an issue of fact, and that we did not have jurisdiction, by writ of error or appeal, in cases so disposed of; and upon a careful review of the law the rule announced in that case was affirmed in *Cummings* v. *Chicago and Northwestern Railway Co.* 189 Ill. 608. It is now sought to make the further exception, in addition to those made by the provisos above referred to, applicable to that class of cases where errors of law have been committed by the trial court in passing upon the question of pleadings. To this contention, it seems to us, two substantial objections lie: First, that the right of appeal or writ of error, being a matter of statutory regulation, can only be allowed in those cases coming within some of the provisions of the statute; and secondly, there is no exception or proviso in the statute authorizing appeals or writs of error on errors of law in that class of cases that have been finally disposed of by a trial on an issue of fact.

This case having been disposed of by a trial in which an issue of fact was submitted to a jury, we cannot now say that it was finally disposed of upon the issue of law raised by the demurrer to the said counts in the declaration. It cannot be said that the counts demurred to were a different matter, upon which the court passed as a question of law, from the matters involved in the trial had before the jury. To have had a place in this record at all, the counts demurred to must necessarily have been a statement of the same case concerning which the trial was finally had. Plaintiff in error was merely availing himself of his right to state his case in the various methods known to pleaders, but he cannot, by reason of that, contend for the illogical position that by so doing he was stating a different case from the one that was submitted to the jury.

Plaintiff's case being one sounding in damages when it was submitted to the jury on the issue of fact, the amount of the judgment was the criterion by which our

jurisdiction was determined. The judgment being less than $1000, we could only obtain jurisdiction upon a certificate of importance from the Appellate Court. There being no certificate of importance in this record we are not authorized to consider the case on its merits, and the writ of error is accordingly dismissed.

*Writ dismissed.*