DANIEL A. HAAS

*v.*

E. H. TEGTMEIER.

*Opinion filed February 21, 1907.*

APPEALS AND ERRORS—*what does not justify an appeal without certificate of importance.* An appeal from the judgment of the Appellate Court affirming a judgment against the plaintiff for costs after a jury trial, cannot be taken to the Supreme Court without a certificate of importance, upon the theory that as to a certain amended count laying damages in excess of $1000, to which a demurrer was sustained, there was "no trial of an issue of fact," where such count charged the same negligence of the defendant in infecting plaintiff's family with the small-pox, but charged, in addition, false representations by the defendant which induced plaintiff to allow him to continue his professional visits. - (*Robards* v. *Wabash Railroad Co.* 194 Ill. 361, followed.)

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. CHARLES T. MOORE, Judge, presiding.

DILL & PFINGSTEN, for appellant.

SCHAEFER & FARMER, for appellee.

Per CURIAM : This action was brought by the appellant against appellee, who is a physician, for the recovery of damages alleged to have been caused by appellee bringing into and infecting appellant and his minor children with small-pox while appellee was treating the wife of appellant for pneumonia. The first count of the amended declaration charges that appellee, during the time he was treating appellant's wife, was also treating a patient for small-pox; that it became the duty of appellee to exercise reasonable care and caution to avoid carrying and spreading said contagious disease to the family of appellant, but that, disregarding his

duty in that regard and without taking necessary precautions, appellee infected appellant and four of his minor children with said disease, from which they became dangerously ill, etc. The second count was substantially like the first count, except that it stated the case with a little more elaboration and detail. The damages were laid at $2500. After issue joined a trial was entered upon with a jury, and during the progress of the trial appellant asked and was granted leave to amend the second count of the declaration. What was filed in pursuance of that order "by way of amendment" is not an amendment to the second count of the declaration, but is a new and complete count within itself. Said count avers that appellant learned appellee was treating a person afflicted with small-pox on the 27th day of December, 1904, and on that day notified appellee to cease treating appellant's wife and desist from visiting appellant's house; that thereupon appellee assured appellant he had not entered the house of the small-pox patient and would not do so, but that he had treated him by seeing him through a window from the outside, and would so continue to do, and that there was therefore no danger of communicating the disease from the small-pox patient to appellant or his family. The declaration avers that, relying upon these assurances, appellant permitted appellee to continue his visits to his house for the treatment of his wife until her death, which occurred January 5, 1905; that the assurances and representations of appellee that he had not entered the house and room in which the small-pox patient was confined were false and untrue; that he had entered said house and room and continued to do so until the death of the patient, January 1, 1905, and that in consequence thereof he caused appellant and four of his minor children to contract said contagious disease of small-pox. The damage laid in this count also was $2500. Appellee demurred to this count of the declaration and the court sustained the demurrer. The trial proceeded to a conclusion under the amended declaration and issue joined

thereon, and resulted in a verdict for appellee, upon which the court rendered judgment. Appellant appealed to the Appellate Court, where the judgment of the circuit court was affirmed, and he prosecutes this further appeal to this court.

No certificate of importance was granted by the Appellate Court. Appellee has entered a motion to dismiss the appeal for the reason that, the judgment being less than $1000 exclusive of costs, the judgment of the Appellate Court is final and no appeal could be prosecuted therefrom. Appellant contends that there was no trial on an issue of fact under the amended count, to which the court sustained a demurrer, and that as the damages alleged therein exceeded $1000, the latter clause of the provision of section 8 of the Appellate Court act authorizes the appeal. (Hurd's Stat. 1905, p. 601.) That provision is as follows: "*And provided further,* that in all actions where there was no trial on an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Courts to the Supreme Court where the amount claimed in the pleadings exceed one thousand dollars ($1000)."

A similar question was passed upon in *Robards* v. *Wabash Railroad Co.* 194 Ill. 361. Appellant insists that that case is not conclusive of the one at bar, for the reason, as he says, "the count demurred to stated a different cause of action from that stated in the first count, and presented an issue of fact in the circuit court in which there was no trial." It is true, the amended count avers that appellee was permitted to continue his visits to appellant's house by reason of false representations that appellee had not been in the house and room of the small-pox patient and would not enter therein; but said amended count, like the original counts, counted on damages claimed to have been sustained by appellant by reason of appellee infecting his family with the small-pox. In the *Robards case* there were counts in the declaration charging the defendant with negligently and carelessly doing the things which caused the damage com-

plained of, and other counts charging it with recklessly and willfully committing said acts. A demurrer was sustained to the counts charging negligence and carelessness and a trial had under the counts charging the acts complained of were recklessly and willfully committed. There was a verdict and judgment in that case for the defendant, which, on appeal to the Appellate Court, was affirmed. Plaintiff prosecuted a further appeal to this court, which was dismissed for want of jurisdiction. We think the case analogous in principle to the one at bar and conclusive against appellant's right to prosecute this appeal.

The appeal is therefore dismissed.

*Appeal dismissed.*