### Thomas Staiger, Appellee, v. Fred Ziegenhein et al., Appellants.

MALICIOUS PROSECUTION—*what essential to recovery.* In order to recover in an action for malicious prosecution in instituting a replevin suit, it must be shown that such suit was instituted both maliciously and without probable cause. Malice may be inferred from the absence of probable cause but probable cause cannot be inferred from malice but must be clearly shown by the evidence.

Trespass on the case. Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

ALEXANDER FLANNIGEN and B. H. CANBY, for appellants.

WEBB & WEBB and DANIEL A. NEWBY, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

This is an action of trespass on the case by the appellee against the appellants. Trial was had in the City Court of East St. Louis, Illinois, which resulted in a verdict for appellee for $1,000. A *remittitur* of $300 was made and judgment rendered for $700, from which judgment the appellants prosecute this appeal.

This case was before this court on appeal, at the August term, 1906, at which time the cause was reversed and remanded. Justice Higbee at that time

made a detailed statement of the pleadings and facts in the case, which will be found on page 191, Vol. 133 of the Appellate Court Reports.

In general terms the declaration in this case alleges that appellants maliciously and without probable cause, wrongfully and unlawfully instituted an action of replevin, and by virtue of the writ of replevin took possession of the goods and chattels of appellee, to wit, household and kitchen furniture. That said replevin suit was dismissed by the appellants and a writ of *retorno* awarded, but the goods were not returned. To this declaration the appellants filed the general issue and a special plea justifying the taking of said property by virtue of a chattel mortgage thereon, after default in the payment of the notes secured by such mortgage; and that they were lawfully entitled to the possession of the property. To this plea replications were filed averring a warranty on a range purchased by appellee from appellants, and included in said mortgage, and that there had been a breach of warranty by reason of the range failing to do the work as appellants had agreed it should do. There was a trial of the case and the principal question disposed of in the trial court was as to whether the appellants did warrant the range and was there a breach of the warranty; also was the suit of replevin instituted by the appellants maliciously and without probable cause.

As we view the record in this case, it should be determined upon the question as to whether or not the replevin suit was instituted by the appellants maliciously and without probable cause. In an action of this character it must be clearly shown by the plaintiff that the suit was instituted without probable cause and maliciously, and even though it may have been maliciously and with probable cause the plaintiff would not be authorized to recover in an action of this character. The want of probable cause is essential to appellee's right to recover. It is said by the Supreme Court of this state that, "The want of this element, probable

cause, is the main ground of this action, and it must be clearly shown; and though malice may be inferred from the want of probable cause, a want of probable cause cannot be inferred from malice." Ross & Co. v. Innis, 35 Ill. 487; Mitchinson v. Cross, 58 Ill. 366.

There are many decisions of the courts arising in this class of cases, and the decisions are quite uniform to the effect that probable cause must be clearly shown, and the courts adhere strictly to this rule so as to protect persons from suits for malicious prosecution, where they in good faith feel that they have a grievance that justifies them in resorting to the courts to protect. It was said by the Supreme Court in the case of Collins v. Hayte, 50 Ill. 353 (and repeated in the case of Barrett v. Spaids, 70 Ill. 408) : "It was said good faith on the part of the prosecution is an important, if not a vital, element of inquiry, and is always a sufficient justification, except where an unreasonable credulity is manifested, inducing the prosecutor to draw conclusions of guilt, when it would have been wanting in the perception of a person of ordinary prudence and judgment." The same rules apply to both civil and criminal prosecutions. The courts have repeatedly held, that where a party procured an indictment to be found against another, that in an action for malicious prosecution against him, that in so doing he acted on the advice of counsel, after having communicated to such counsel all the facts bearing upon the guilt or innocence of the accused, of which he had knowledge, or could, by reasonable diligence have ascertained, the advice so given was a protection against an action for malicious prosecution. Wicker v. Hotchkiss, 62 Ill. 107; Barrett v. Spaids, *supra.*

We think that counsel for appellants and appellee practically agree upon these propositions but differ as to the application of the facts in this particular case. The replevin suit was instituted by F. W. Ziegenhein, and he says that he at that time did not know of a warranty, which is not disputed, except that he had

constructive knowledge, and the claim is made that
Morris Sternberger, a member of the old furniture
company, obtained this information from the salesman
Slack, but Slack not only denies imparting such in-
formation but denies that any warranty was ever
made.  It is true, that the record discloses that ap-
pellee gave notice to the appellants that he had a
guaranty upon this range but does not state what his
guaranty was, but even if he did, we do not see why
appellants should be precluded from bringing a suit
of replevin to recover property on which they had a
chattel mortgage, simply because the debtor was claim-
ing that he had some defense to it.

As to the other question, it is not disputed but what
Fred Ziegenhein consulted a reputable attorney before
bringing the replevin suit, and told him what facts he
knew and that at that time he knew nothing about the
warranty as claimed by appellee; but it is insisted that
the law required him to state to his counsel not only
what he actually knew but such facts as could have
been ascertained by the exercise of reasonable care and
diligence.  And the only question left open for dis-
cussion is, Was reasonable care and diligence exercised
in laying the facts before his attorney?

It appears from the evidence in this case that the
only person to whom appellants might have gone for
information as to this sale and alleged warranty was
Richard Slack, the man who made the sale.  But sup-
pose that he had gone to Slack for information after
receiving appellee's notice, what would he have learned
according to the testimony of Slack?  He would have
been advised by Slack that no warranty was made, and
under that state of facts he could not be held to have
had constructive notice of the acts of the agent, when
the agent himself denied such acts or could not have
been required, constructively or otherwise, to have
known that Morris Sternberger would have testified
that Slack had told him that there was a guaranty
upon this range, and appellants certainly cannot under

such a state of facts be charged with not having used reasonable care and diligence in ferreting out these disputed matters. But even if he had been advised by Sternberger that Slack had told him there was a guaranty and Slack denied it, this would not preclude appellants from their right to have the question tested in the courts. We do not believe that appellants were required to go to appellee to ascertain any such facts; he was disputing the claim of appellants, denying that he owed them any part of it, whether rightfully or not it is not necessary or material for us to determine. Appellants had a chattel mortgage that was a lien upon the property, unless the appellee had in some manner discharged this lien, and had a legal right to rely upon their lien and take charge of this property, and so far as this record discloses, there was nothing existing in the minds of the appellants at the time that they instituted the replevin suit, or that, they should have been held to know, that they did not disclose to counsel. It frequently happens in the trial of law suits that facts are developed which were not foreseen, or are disputed, and no man would be safe in instituting a law suit if either unforeseen or disputed facts would prevent him from insisting upon his theory of the case.

Some stress is laid upon the fact that appellants dismissed their suit and failed to return the property as ordered by the court. This frequently happens in a trial of replevin suits, and this very character of case is provided for by the statute, that when the plaintiff fails to prosecute his suit but suffers a dismissal, an action may be instituted upon the bond, and the plaintiff can recover on the bond, not only the value of the property but also damages and necessary expenses incurred in carrying on the suit, and we think in this case appellee could have been fully protected, both as to the value of the property, and expenses he may have incurred by an action upon the bond. We are satisfied that the appellee failed to prove that this suit was instituted maliciously and without probable

cause; and we are further satisfied that the appellants did what any reasonably prudent man would do in disclosing the facts in the case to their counsel, and that they were fully protected by the advice of counsel in the bringing of the suit of replevin, and that under the facts as disclosed by this record the verdict of the jury was manifestly against the law and the evidence, and the verdict ought not to stand.   The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*