## Herman Hanson, Appellee, v. Rhodes-Burford Furniture Company, Appellant.

1. MALICIOUS PROSECUTION—*necessity for proof of malice and want of probable cause.* Malice and want of probable cause in suing out the attachment must be proven in an action to recover damages alleged to have resulted from the plaintiff's dismissal from employment as the result of a garnishment in an attachment proceeding which finally terminated in his favor solely because of the fact that plaintiff was a minor when he made the contract which formed the basis of the garnishment proceedings, and no recovery can be had merely upon proof that the garnishment suit finally terminated favorably to the plaintiff.

2. MALICIOUS PROSECUTION—*insufficiency of proof that damages natural and proximate result.* In an action to recover special damages alleged to have resulted from plaintiff's discharge from employment because of an attachment suit began by defendant and a garnishment levied on plaintiff's wages, no recovery can be had by plaintiff where the evidence shows that he was employed for two months after the garnishment was served, that his employer endeavored to persuade him to settle with his creditor for the debt, which was legitimate, but the plaintiff refused to do so and was discharged because his employer did not wish to be bothered holding his money, and where it was not claimed that he was discharged upon the request or demand of the creditor.

Appeal by defendant from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed January 26, 1923.

ALEXANDER FLANNIGEN, for appellant; FRANK B. HANNA, of counsel.

BEASLEY & ZULLEY, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellee charged in his declaration that for a long time prior to April 7, 1921, he was in the employ of the Pioneer Box Company and was earning about $24 per

week; that on said day appellant, maliciously and without probable cause, sued out an attachment against him and caused his employer to be served as a garnishee and that the case was finally decided in favor of appellee. He charged, *inter alia,* that by reason of said suit he lost his employment with said Pioneer Box Company and was unable to secure other work and was greatly damaged in that regard. Upon a trial the jury returned a verdict for $1,300. After appellee remitted $300 the court overruled a motion for new trial and rendered judgment for $1,000.

The record discloses that appellee represented to appellant that he was twenty-one years of age when he gave his note for $100 for the purchase price of a Victrola. That note is the debt which appellant attempted to collect by the attachment and garnishment proceeding. On the trial of that case appellee testified that when he made the purchase he was a minor and so far as the record shows that was the sole ground upon which the case was decided in his favor.

To maintain an action for malicious prosecution, it must appear that there was no probable cause for the prosecution, and also that the defendant was actuated by malice. *Harpham v. Whitney,* 77 Ill. 32; *Glenn v. Lawrence,* 280 Ill. 581. The same rule applies where it is charged that the defendant instituted a civil suit maliciously and without probable cause. *Staiger v. Ziegenhein,* 165 Ill. App. 622.

We find no evidence in the record that proves or tends to prove the averment of the declaration that appellant sued out the attachment with malice and without probable cause. Proof of the fact that the attachment suit was finally decided in favor of appellee is not sufficient of itself, to prove malice or a want of probable cause. *Israel v. Brooks,* 23 Ill. 575; *Glenn v. Lawrence,* 280 Ill. 581.

Appellee contends that there may be a recovery without proof of malice or want of probable cause.

That is true when the action is upon the attachment bond or where it is an action on the case for such damages as may be recovered if the action were upon the bond. But if the plaintiff seeks to recover special damages, such as a loss of credit, for breaking up of business, loss of customers or injury to reputation, resort must be had to an action on the case for malicious prosecution. *Lawrence v. Hagerman,* 56 Ill. 68.

Counsel for appellee contend that the judgment is authorized under *Gundermann v. Buschner,* 73 Ill. App. 180, and *First State Bank of Pond Creek v. Clark,* 202 Ill. App. 283. They overlook the fact, however, that in those cases the damages recovered were the natural and proximate result of the garnishment proceeding, such as interest on the money while it was tied up, loss of time in attending trial and attorneys' fees and expenses in defending the suit. No claim was made or recovery had on the ground that the plaintiff has been discharged because his employer was not willing to hold his money during the pendency of the litigation.

It was admitted by appellee that he worked for the Pioneer Box Company for two months after that company was served as a garnishee, during which time he was paid $15 per week and the balance of his wages was held back on account of the garnishment. He says that his employer kept trying to get him to settle with appellant so it could turn his money loose, but he would not do so, and that he was discharged because the company did not want to hold his money.

The court instructed the jury, at the request of appellee, that if they believed from the evidence that he lost his employment by reason of the suing out of the attachment they should allow him such damages on account thereof as are shown by the evidence. The testimony of appellee shows that he had been idle most of the time since he was discharged until the trial of this case.

Damages, to be recoverable, must be the natural and reasonable result of the defendant's act. He cannot be held responsible for injuries which could not reasonably have been foreseen or expected as the result of his misconduct. *Phillips v. Dickerson*, 85 Ill. 11; *Braun v. Craven*, 175 Ill. 401. In a case of this kind the damages must be the direct, natural and proximate result of the former suit. 26 Cyc. 63. No damages which are merely remote consequences of the defendant's conduct are recoverable. 19 Amer. & Eng. Encyc. of Law 702. A claim for special damages, because by the finding of an indictment the wife of the plaintiff became sick, nervous, insane and utterly helpless, is too remote. *Hampton v. Jones*, 58 Iowa 317.

A defendant who has caused the plaintiff's arrest is liable for all damages which might be expected ordinarily to arise as a result of his arrest and imprisonment. The same principles are applicable and the same rules govern whether the suit be for the wrongful institution of a civil action or a criminal prosecution. The injured party is entitled to recover the actual damages, and such as are the direct and natural consequences of the tortious act. 18 R. C. L. 71.

In an action for slander it was charged that the defendant imputed to the plaintiff the crimes of larceny and adultery, by reason of which the plaintiff's wife abandoned and refused to live with him and began an action for divorce, whereby he was put to great expense in defending same. The trial court allowed the plaintiff to prove his loss of time and the payment of attorneys' fees in defending the divorce suit but on appeal it was held that an action for divorce on the ground of inhuman treatment is not the proximate consequences of a charge of larceny or adultery. *Georgia v. Kepford*, 45 Iowa 48. In that case the court instructed the jury that they might give special damages for the wife's desertion, if caused by the speaking of the slanderous words alleged. On that question the

court said: "But damages, both general and special, must be the natural and proximate, though not the necessary, consequence of the act complained of. * * * A man is not responsible for all the remote and possible consequences which may result from his act although he may be a wrongdoer. * * * Now, whilst desertion by the wife of a husband against whom a slanderous charge of larceny and adultery had been preferred, might, in exceptional cases, follow, as a consequence of the charge, yet we think that such a result is not the natural and proximate consequence. * * * A very suspicious or a very credulous woman might desert her husband upon the first slanderous report against him. But the question is not what a very credulous or a very suspicious woman might do, but what would an ordinary woman naturally do? Guided by these principles, we have no hesitancy in holding that, whilst in this particular case the plaintiff's wife may have abandoned him because of defendant's slander, yet such desertion was not the natural and proximate consequence of the slander."

The sum of $54 was tied up by a garnishment proceeding and upon a trial the case was decided in favor of the defendant. He then sued his creditor for malicious prosecution and charged that by reason of the former suit the $54 was not paid to his firm, and because it was not paid they were unable to pay their rent and their employees and for that reason their landlord became dissatisfied and terminated and canceled their lease, and their employees became dissatisfied and refused to work for them and as a consequence their business was ruined and their prospects blighted. It was held that the damages in that regard were too remote and speculative. The court said: "There is too much room for contingencies and intervening causes between the garnishment of the $54 and the alleged injury to the firm's business and prospects to permit of the latter being considered as the

natural and proximate result of the former. Whether it was the result of the former at all must necessarily be arrived at by conjecture and speculation." *O'Neill v. Johnson,* 53 Minn. 439, 55 N. W. 601.

There is no claim in the declaration or the proofs that appellee was discharged by his employer upon the request or demand of appellant. Such cases as *Gibson v. Fidelity & Casualty Co. of New York,* 232 Ill. 49, and *London Guarantee & Accident Co. v. Horn,* 206 Ill. 493, are, therefore, not applicable.

This case presents an entirely different situation. Appellee had misrepresented his age when he made the purchase of the Victrola. When sued for an honest debt his employer gave him good advice which he was not willing to follow and preferred to pay attorneys more than the amount of the claim in order to defeat its collection on the ground of infancy. When he refused to take his employer's advice it is not strange that the employer found it convenient to dispense with his services.

Appellee had the undoubted right to plead infancy and to spend more than the amount of the claim in defeating its collection. Neither was he bound to take his employer's advice. If, however, in exercising his legal rights, he has suffered consequential damages which were not the natural and proximate result of the suing out of the attachment, the loss should fall upon him and not upon appellant.

It is a question of law whether the facts in a particular case bring it within the rule in which punitive damages may be assessed. *Eshelman v. Rawalt,* 298 Ill. 192. By the refusal of appellee's fourth instruction the court held as a matter of law that this is not a case where such damages may be recovered and with that conclusion of the court we find no fault.

Under the evidence in this record and the law, as we understand it, there is no escape from the conclusion that the discharge of appellee by his employer

was not the natural and proximate result of the suing out of the attachment and the garnishment of his wages and that no recovery can be had for any damages caused by such discharge. Such damages are entirely too remote. A discharge under such circumstances might follow in exceptional cases but from our experience and observation such a result is not the natural and proximate consequence of an attachment and garnishment proceeding. The testimony of appellee shows that he was permitted to remain at his work for two months after the garnishee was served and that he was discharged, not because of the suing out of the writ, but for the reason that the employer thought he ought to settle the matter, and when he would not do so it did not want to be bothered with holding his money.

For the reasons above stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*