Gustav Baxtrom

*v.*

The Chicago and Northwestern Railway Company.

*Filed at Ottawa May 15, 1886.*

Appeal—*as to amount involved—in cases sounding in damages—judgment for defendant.* Where a judgment for the defendant, in an action on the case to recover damages for a personal injury claimed to have been caused by the negligence of the defendant's servants, is affirmed by the Appellate Court, the judgment being for "less than $1000, exclusive of costs," no appeal or writ of error lies to review the judgment of the Appellate Court, unless a majority of the judges of that court shall certify the case under the statute.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Rollin S. Williamson, Judge, presiding.

Mr. H. O. McDaid, for the plaintiff in error.

Mr. B. C. Cook, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought by Gustav Baxtrom, in the Superior Court of Cook county, against the Chicago and Northwestern Railway Company, and was to recover for personal injuries to plaintiff, alleged to have been caused by the negligent conduct of defendant in the management of one of its engines by the servants in charge. On the trial the court instructed the jury, as a matter of law, "there was not sufficient evidence to warrant a verdict for plaintiff," and directed the jury to find "defendant not guilty," which they did. The judgment rendered on the verdict for defendant, and against plaintiff, was afterwards affirmed in the Appellate Court for the First District, and plaintiff brings the case to this court on error.

It is obvious no writ of error will lie from this court to the Appellate Court in this case. The action is one sounding in damages, and the statute, (section 25 of the Appellate Court act,) provides that "in all cases sounding in damages, wherein the judgment of the court below is less than one thousand dollars ($1000) exclusive of costs, and the judgment is affirmed or otherwise finally disposed of in the Appellate Court, the judgment * * * of the Appellate Court shall be final, and no appeal shall lie or writ of error be prosecuted therefrom," unless where, in such cases, a majority of the judges of the Appellate Court shall be of opinion, and so certify, the case decided by them "involves questions of law of such importance, either on account of principal or collateral interests, as that it should be passed upon by the Supreme Court."

The judgment in this case is less than $1000, exclusive of costs, and as no majority of the judges of the Appellate Court have made any certificate that would give this court jurisdiction, under the statute, to hear and determine the cause, the writ of error must be dismissed, which is done.

*Writ dismissed.*