THE MURRAY IRON WORKS COMPANY

*v.*

THE DEKALB ELECTRIC COMPANY.

*Opinion filed December 16, 1902.*

APPEALS AND ERRORS—*when record does not show that $1000 is involved.* That the amount involved in an action to recover the price of a boiler exceeds $1000 does not affirmatively appear from the record, where the evidence tends to show that the price of the boiler was $1005 but that the freight charges advanced by defendant were to be deducted, and there is no evidence in the bill of exceptions as to the amount of such charges.

*Murray Iron Works* v. *DeKalb Elec. Co.* 103 Ill. App. 78, dismissed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. CHARLES A. BISHOP, Judge, presiding.

JONES & ROGERS, for appellant.

D. J. CARNES, G. W. DUNTON, and JOHN FAISSLER, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was assumpsit by the appellant company against the appellee company to recover the contract price of $1000 for a tubular boiler sold by the appellant company to the appellee company, and the further sum of $5 for grates to be placed beneath the boiler, and for interest for an alleged unreasonable and vexatious delay in payment, in the sum of $30. A trial before the court and a jury, of issues of fact formed by the pleadings of the parties, resulted in a verdict and judgment in favor of the appellant company, plaintiff below, in the sum of $200. The appellant company brought the cause, by appeal, into the Appellate Court for the Second District and the judgment was there affirmed. This is an appeal sought to be prosecuted as a matter of right from the judgment of the Appellate Court without obtaining a certificate of importance.

It does not appear from the record the amount involved in the suit is sufficient to give this court jurisdiction of such appeal in the absence of a certificate of importance. The amount claimed in the declaration slightly exceeded the sum of $1000, but the judgment rendered in the circuit court, on a trial upon issues of fact, was for but $200. The proviso to section 8 of the act entitled "An act to establish Appellate Courts," etc., (Hurd's Stat. 1899, p. 525,) as amended by the act of June 6, 1887, only authorizes resort to the pleadings to determine the amount involved where there has been no trial

of an issue of fact in the case. (*Partridge* v. *Stevens*, 187 Ill. 383.) The action being *ex contractu*, the amount involved must, in such state of the record, be determined from the evidence as preserved in the record. *Brant* v. *Gallup*, 111 Ill. 487; *Lake Erie and Western Railroad Co.* v. *Faught*, 129 id. 257.

In the case at bar, the evidence in behalf of the appellant, plaintiff below, tended to show there was due to it the sum of $1005, less the amount of the freight charges for the transportation of the boiler by railway from Burlington, Iowa, to DeKalb, Illinois. The appellant company admitted the contract required it to deliver the boiler at DeKalb at its own expense. The only testimony upon the point was that the freight charges were paid by the appellee company. The appellant company, in its instructions, asked judgment only for the contract price of the boiler and the grates, ($1005,) less the amount paid by the appellee company for the freight charges. The bill of exceptions does not disclose the amount of such freight charges. It appears from the bill of exceptions the freight bill was read in evidence and marked "Exhibit D," but there is no "Exhibit D" in or attached to the bill of exceptions, or anything otherwise in the bill showing the amount paid for the freight on the boiler. It does not, therefore, affirmatively appear from the testimony that the net amount of the claim made by the appellant company equals the sum of $1000. "When an appeal is claimed on the ground that the sum involved exceeds $1000, exclusive of costs, that fact must appear from the transcript of the record filed in this court. We cannot presume it does, nor can we hear evidence to establish the fact. We can look alone to the record to see whether it appears. The party claiming the right to appeal must show that it is authorized by the law." *McGuirk* v. *Burry*, 93 Ill. 118.

The appeal must be dismissed.

*Appeal dismissed.*