## The People, for use of L. W. Sholtey, v. Thomas Crowe et al.

1. DEMURRER—*when action of court in overruling, waived.* The action of the court in overruling demurrers to pleas is waived by joining issue thereon.

2. ADDITIONAL PLEAS—*power of court to permit filing of.* It is within the sound discretion of the court to permit or to refuse to permit the filing of additional pleas.

3. CONTINUANCE—*power of court to rule with respect to.* It is within the sound judicial discretion of the court to grant or to refuse to grant a continuance applied for.

4. JUDGMENT—*how far conclusive, notwithstanding defective in form*. In a collateral proceeding, when the transcript shows that a judgment is an adjudication of the court or judge having jurisdiction over the parties and the subject-matter, the same, however defective in form, is conclusive upon the parties.

5. UNLAWFUL SEIZURE—*what establishes, as against sheriff*. An unlawful seizure is conclusively established where it appears that after the taking by the sheriff a trial of the right of property was had pursuant to the method prescribed by statute and a judgment rendered against the sheriff.

6. MEASURE OF DAMAGES—*in action for illegal seizure by sheriff*. In such an action the measure of damages where the property has not been returned is the fair cash market value thereof when taken, but where subsequent to the taking the property has been returned, the measure of damages is the difference between the fair cash market value of the property when taken and such value when returned plus such damages as may have accrued by reason of the loss of the use of the same, if any.

7. ABSTRACT—*when cost of additional, taxed against appellant*. Where the abstract filed by a successful appellant was incomplete and not in compliance with the rules, the cost of an additional abstract filed by the appellee will be taxed against such appellant.

Action in debt. Appeal from the Circuit Court of Fulton county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

CHARLES M. PIERCE and SCHNEIDER & SCHNEIDER, for appellant.

FRANK LINDLEY and CLOUD & THOMPSON, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in debt, by appellant, for the use of L. W. Sholtey, against Thomas Crowe, sheriff of Ford county, and the sureties upon his official bond. The cause was twice tried by jury. The first trial resulted in a verdict for the plaintiff, which was set aside, and the last, in a judgment for the defendants, from which the plaintiff appeals.

The declaration avers in substance that the defendant Crowe, as sheriff, illegally levied an execution issued out of the Circuit Court of McLean county against Otto Taylor and Mary Taylor, upon the goods and chattels of the usee plaintiff, Sholtey; that a trial by jury of the right to said property, as provided by statute, was had in the Ford County Court, which trial resulted in a judgment in favor of Sholtey; that notwithstanding said judgment the said sheriff refused to release said property, whereby the same and the use thereof, became and were lost to said Sholtey.

Counsel for appellant have encumbered their argument with some thirty alleged reasons why the present judgment should be reversed. We shall consider such only as we deem of sufficient present importance to warrant notice.

It is complained that the court erred in overruling demurrers to certain of the additional pleas filed by appellees. Except as to the plea of *non est factum,* issue was joined upon all of them. Such action waived the demurrers and admitted the sufficiency of the pleas. People v. Telephone Co., 192 Ill. 307.

The contention that the demurrer to the replication to the last or fifth additional plea was improperly sustained, is well founded. While the replication is inartistic in form, it sufficiently alleges the existence of a judgment which would be *res adjudicata* as to the ownership of the property in controversy, and the propriety of the levy, in law.

The court did not err either in permitting the additional pleas to be filed, or in granting or refusing to grant the several motions for continuance. In the determination of such questions the trial court is possessed of a sound legal discretion, and we are of opinion that the same was properly exercised in each instance.

There is evidence tending to establish the following facts: On January 2, 1903, an execution was duly issued out of the Circuit Court of McLean county,

Illinois, upon a judgment theretofore rendered by said
court against Otto Taylor and Mary Taylor. The
writ was placed in the hands of appellee Crowe, as sher-
iff of Ford county, to execute. On January 5th, said
sheriff served notice upon the defendants in the execu-
tion, and on January 9th levied the same upon and
seized the property in controversy. On January 10th,
appellant, Sholtey, gave notice to the sheriff that he
claimed the property, and that he desired to have the
right to the same tried in the County Court, as pro-
vided by statute in such cases. On January 22nd
such trial was had and on February 3rd a judgment was
rendered finding that the property in question was that
of Sholtey and not of Otto Taylor or Mary Taylor.

On January 7th, and subsequent to the levy and seiz-
ure of the property by the sheriff, Otto Taylor was, by
the District Court of the United States, adjudged to be
a bankrupt, and thereafter on February 4th or 5th pur-
suant to an order of said court, the property was by the
sheriff turned over to H. C. Wilson, trustee in bank-
ruptcy of the estate of Taylor. On February 16th, un-
der an arrangement between said trustee and Sholtey,
the same was sold to Sholtey for the sum of $975, with
the understanding that should Sholtey in a certain pro-
ceeding then pending in the U. S. Court involving the
respective rights of Sholtey and Wilson as trustee to
the property, establish ownership to the same, the
trustee would refund to him the purchase price, less
the taxes due on the property, which were to be paid
by the trustee.

There is evidence tending to show that after the
termination of such proceeding in the U. S. Court,
adversely to said trustee in bankruptcy, he offered to
return said purchase money to Sholtey, but that
Sholtey refused to accept it, and further that said
trustee has been ever since willing to pay the same.
There is also evidence tending to show that between
the times when the property was taken from Sholtey
by the sheriff, and when it was received by him from

the trustee, the value thereof had materially depreciated.

The trial court refused to admit in evidence the record of the County Court, which showed that upon the trial of the rights of property proceeding, the jury returned a verdict finding Sholtey to be the owner of the property in controversy, and that a judgment was duly entered thereon, and that the judge ordered the sheriff to return the property to Sholtey. We think the judgment was competent evidence under the replication to the fifth additional plea, to which, as we have said, a demurrer was improperly sustained, as showing that the ownership of the property had been judicially and finally adjudged to be in Sholtey. People v. Ward, 41 App. 464; Ilg v. Burbank, 59 App. 291. The proceeding for the trial of the rights of property is summary in its nature, and no particular form of judgment is essential. It is sufficient if it be final. Johnson v. Gillett, 52 Ill. 358. In a collateral proceeding when the transcript shows it to be the adjudication of a court or judge having jurisdiction over the parties and subject-matter, the judgment or decree, however defective in form, is conclusive upon the parties. McMillan v. Lovejoy, 115 Ill. 498.

By such a judgment a right of action against the sheriff was clearly established, and the only question remaining to be determined was the amount of damages, if any, sustained by appellant by reason of the unlawful seizure and retention of the property.

For the guidance of the court and counsel in the event of another trial of the cause, we will say that we are of opinion that if the property had not been returned to Sholtey, the measure of damages would have been the fair cash market value thereof when taken. If the property had been returned to him subsequent to the taking, the measure of damages would have been the difference between the fair cash market value of the property when taken, and such value when re-

turned, and such damages as may have accrued by reason of the loss of use of the same, if any. We are further of opinion that it was competent for appellees to show the alleged arrangement between Sholtey and Wilson, the trustee in bankruptcy, and that if the same was established, the receipt of the property by Sholtey under such arrangement, should be held to have inured to the benefit of the sheriff, and further that inasmuch as the sheriff was not a party to the arrangement he could not be held liable for the failure of Wilson to refund the purchase price. The arrangement with Wilson was voluntarily entered into by Sholtey. He was under no obligation to make the same or to purchase thereunder and he did so at his peril. We therefore conclude that the measure of damages applicable under the facts and circumstances appearing from the competent evidence offered upon the trial, would be the difference between the fair cash market value of the property when taken and such value at the time when the same was received by Sholtey from Wilson, together with the interest upon the purchase price paid to Wilson, from the date of payment to the time of the trial.

In so far as the instructions given were not in consonance with these views, they were erroneous.

The abstract filed by appellant is not such as the rules of this court require, in that it is imperfect, erroneous and misleading. The cost of the additional abstract filed by appellees will, therefore, be taxed against appellant.

To detail, discuss and determine the numerous other questions, of more or less importance, raised and argued by counsel, would be unprofitable, and unduly extend this opinion. We shall, therefore, refrain from so doing.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*