KATE WHEELER

*v.*

THE PULLMAN PALACE CAR COMPANY.

*Opinion filed June 19, 1907.*

APPEALS AND ERRORS—*it is the amount of the judgment which controls the right of appeal.* In actions sounding in damages it is the amount of the judgment of the lower court which controls the right of appeal from the Appellate Court to the Supreme Court without a certificate of importance, and if the judgment is against the plaintiff for costs no appeal lies from the Appellate Court without a certificate of importance, notwithstanding the parties stipulated in the trial court that the damages, if any were recoverable, should be assessed at $1750.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

COBURN & CASE, and E. J. WHITEHEAD, for appellant.

F. B. DANIELS, WILLIAM BURRY, and J. SIDNEY CONDIT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Pullman Palace Car Company, the appellee, owned a building in Pullman known as Nos. 751 and 753 Cottage Grove street, and on September 1, 1897, leased the same to Ben Broadhead. The building was erected for a residence and stood back from the sidewalk about eight feet, but the first floor was occupied as a grocery and meat market. The room occupied as a store room was four feet above the ground and was entered by two doors, one at the north and the other at the south side. There was a platform four feet and three inches wide running across the

front of the building, and directly in front of each door there were five or six steps leading up from the surface of the ground to the platform. There was no railing on the front of the platform nor the sides of the steps except one at the north side of the north steps, separating the same from the entrance to the premises next north. Kate Wheeler, the appellant, accompanied by her sister and son, made some purchases in the store in the evening of September 18, 1897. On coming out of the store it was dark and there was no light in front of the building, and appellant, supposing that the steps ran across the front of the building, got over a little too far and fell from the platform. She sued appellee in the superior court of Cook county for the resulting damages and the case was tried with a jury. The only evidence introduced was on the part of the plaintiff, at the conclusion of which the court stated that the only question in the case was one of law to be decided by the court, and asked the parties to agree on the amount of plaintiff's damages provided she was entitled to any damages. The parties then agreed on $1750 as the amount of damages if plaintiff was entitled to damages, and upon the suggestion of the court they agreed to discharge the jury and submit the case to the court. The jury were discharged, and it was stipulated that plaintiff was in the exercise of due care for her own safety at the time of the injury, whereupon the court found the defendant not guilty and entered judgment accordingly. The record was removed by writ of error to the Appellate Court for the First District and assigned to the branch of that court. The judgment was affirmed, and a motion was then made by plaintiff for a certificate of importance and an appeal to this court. The motion was taken under advisement, and the record recites that the court found that it appeared from an inspection of the record of the superior court that it was agreed on the trial of the cause that the amount of the plaintiff's damages, provided there was a finding that she was entitled to dam-

ages, was $1750, and therefore it was ordered that an appeal be allowed to this court on filing the bond required by the order, but no certificate of importance was made. The bond was filed and the record certified to this court.

Section 8 of the act to establish Appellate Courts provides that in all cases sounding in damages, heard in such courts, when the judgment of the court below is less than $1000 exclusive of costs and the judgment is affirmed or otherwise finally disposed of in the Appellate Court, the judgment, order or decree of the Appellate Court shall be final, and no appeal shall lie or writ of error be prosecuted therefrom unless the Appellate Court shall grant the certificate of importance therein specified. This was an action sounding in damages and the judgment of the trial court was a judgment against the plaintiff for costs. There was no judgment for damages and there is no certificate of importance, so that we have no jurisdiction to entertain the appeal. (*Baxtrom* v. *Chicago and Northwestern Railway Co.* 117 Ill. 150; *Indiana and Illinois Southern Railroad Co.* v. *Sampson,* 132 id. 527; *Tucker* v. *Champaign County Agricultural Board,* 154 id. 593; *People* v. *Midkiff,* 174 id. 323.) It is the amount of the judgment, and not what the evidence showed or what the parties agreed upon as to the amount of damages if damages should be awarded, which controls the right of appeal. To authorize an appeal without a certificate of importance the judgment must equal $1000, and if such a judgment does not appear in the record it is wholly immaterial that it appears therefrom that counsel agreed on the amount of damages to be awarded if it should be found that the plaintiff was entitled to damages.

The appeal is dismissed.     *Appeal dismissed.*