**People, etc., for use of Levi W. Sholtey, Appellant, v. Thomas Crowe et al., Appellees.**

DAMAGES—*when allegation of special, essential.* The rule is that whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then in order to prevent surprise of the defendant which might otherwise ensue on the trial, the plaintiff must in general state the

particular damage which he has sustained, or he will not be permitted to give evidence of it.

Trial of right of property. Appeal from the Circuit Court of Ford county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

CHARLES M. PEIRCE and SCHNEIDER & SCHNEIDER, for appellant.

SIGMUND LIVINGSTON, CLOUD & THOMPSON and FRANK LINDLEY, for appellees.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

Upon the reversal of a former judgment in this cause and the remandment of the same to the Circuit Court (130 Ill. App. 349), the cause was submitted to another jury upon the issues whether there was any record of the supposed judgment of the County Court in the proceedings for the trial of the rights of property, and whether the property taken by Crowe was that of Otto and Mary Taylor or of Sholtey. Both issues were established in favor of appellant. At the close of all the evidence the court instructed the jury to find the issues in favor of the plaintiff and assess his damages at one cent. Upon a verdict so returned, judgment was rendered in debt for the penalty of the bond and for one cent damages.

The chief controversy upon the trial was as to the amount of damages to which Sholtey was entitled under the pleadings. After he had proved the taking of the property, appellees, in mitigation of damages, proved that the same had been returned to the possession of Sholtey. Sholtey then offered to prove in rebuttal that in order to procure said return of the property he had been compelled to pay a large sum of money for traveling and other expenses, court costs and attorney's fees; but the court held such evidence improper under the pleadings. He then sought further to prove the fair

cash value of the property at the time it was levied upon, and that when returned it had materially depreciated in value. This, too, the court held improper, for the same reason. We are of opinion that the ruling of the court was proper. If Sholtey desired to recover special damages he should have claimed the same in his declaration. The rule is that whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then in order to prevent surprise of the defendant which might otherwise ensue on the trial, the plaintiff must in general state the particular damage which he has sustained, or he will not be permitted to give evidence of it. 1 Chit. Pl., 397. It follows that there being no proof of other than nominal damages the court properly instructed the verdict returned.

Various other reasons are assigned for reversal, none of which we deem meritorious. The judgment of the Circuit Court was warranted and will therefore be affirmed.

*Affirmed.*