THE PEOPLE, for use of Levi W. Sholty, Plaintiff in Error,
*vs.* THOMAS CROWE *et al.* Defendants in Error.

*Opinion filed June 16, 1909.*

1. APPEALS AND ERRORS—*resort to pleadings to determine the
amount involved is allowable only where no issue of fact was tried.*
It is only where there was no trial of an issue of fact in the court
below that resort may be had to the pleadings to determine the
amount involved in an action *ex contractu.*

2. SAME—*amount of judgment controls if there was a trial of
an issue of fact.* If there was a trial of an issue of fact in the
court below in an action *ex contractu* the amount of the judgment
will control the appellate jurisdiction of the Supreme Court, not-
withstanding the trial court directed the verdict.

3. SAME—*when certificate of importance is necessary.* In the
absence of a certificate of importance the Supreme Court cannot
review a judgment of the Appellate Court affirming a judgment
for the penalty of a sheriff's bond and one cent damages, and for
costs, though the judgment was entered on a verdict directed by
the trial court after hearing the evidence.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on appeal from the Circuit
Court of Ford county; the Hon. G. W. PATTON, Judge,
presiding.

C. M. PEIRCE, and SCHNEIDER & SCHNEIDER, for plain-
tiff in error.

SIGMUND LIVINGSTON, CLOUD & THOMPSON, and
FRANK LINDLEY, for defendants in error.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the
court:

This is an action of debt brought by plaintiff in error,
Levi W. Sholty, on the official bond of Thomas Crowe, as
sheriff of Ford county. The cause was tried in the circuit
court of Ford county and resulted in a judgment for de-

fendants in error. On appeal to the Appellate Court for the Third District the judgment of the circuit court was reversed and the cause remanded. See *People* v. *Crowe,* 130 Ill. App. 349, where a full statement of the facts will be found in the opinion of the court.

The declaration charged that Thomas Crowe, as sheriff of Ford county, seized and took the property of the plaintiff under an execution against Otto Taylor and Mary Taylor and failed and refused to deliver said property to plaintiff. No other damages were alleged in the declaration than the value of the property at the time it was taken. The case was re-instated in the circuit court and came on again for hearing without any amendment having been made to the declaration. Plaintiff offered evidence to prove the taking of the property, his ownership and its value at the time it was taken. Defendants then offered evidence that the property had been returned to the plaintiff. Plaintiff objected to this testimony, among other reasons, on the ground that there was no plea denying the allegations of the declaration that the defendants had failed and refused to return the property. The court admitted the testimony on the theory that it was competent in mitigation of damages, in the absence of any plea at all. At the close of all the evidence defendants moved the court to instruct the jury to find the issues for plaintiff and to assess his damages at one cent. The court allowed the motion and so instructed the jury, and a verdict was returned accordingly. Upon this verdict judgment was rendered against the defendants for the penalty of the bond and for one cent damages and for costs. The Appellate Court, on appeal, affirmed this judgment and denied the prayer of plaintiff in error for an appeal to this court and for a certificate of importance. Thereupon this writ of error was sued out to review the judgment of the Appellate Court.

The defendants in error have entered a motion in this court to dismiss the writ on the ground that there was a

trial in the circuit court on an issue of fact and the amount involved is less than $1000.

Section 8 of the Appellate Court act reads, in part, as follows: "In all cases determined in said Appellate Courts, in actions *ex contractu,* wherein the amount involved is less than one thousand dollars ($1000) exclusive of costs, and in all cases sounding in damages, wherein the judgment of the court below is less than one thousand dollars ($1000), exclusive of cost, and the judgment is affirmed or otherwise finally disposed of in the Appellate Court, the judgment, order or decree of the Appellate Court shall be final, and no appeal shall lie or writ of error be prosecuted therefrom. * * * *And provided further,* that in all actions where there was no trial on an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Courts to the Supreme Court where the amount claimed in the pleadings exceed one thousand dollars ($1000.)" (Hurd's Stat. 1908, p. 630.)

The declaration in this case claimed damages in an amount in excess of $1000, and evidence was offered tending to support this claim, but this court, in determining its jurisdiction where there was a trial on an issue of fact, is not permitted to look to the pleadings nor what the evidence tended to show, but must be controlled by the amount of the judgment as it appears from the record. (*Wheeler* v. *Pullman Palace Car Co.* 228 Ill. 28.) It is only when there was no trial on an issue of fact in the court below that resort can be had to the pleadings to determine the amount involved. (*Murray Iron Co.* v. *DeKalb Electric Co.* 200 Ill. 186; *Murphy* v. *Murphy,* 207 id. 250.) Because the verdict in this case was rendered by reason of the peremptory instruction given by the court it cannot be maintained that there was no trial on an issue of fact, as is here contended.

*Fisher* v. *Nubian Iron Enamel Co.* 163 Ill. 387, was a suit to recover damages in excess of $1000 for personal in-

juries. At the close of the evidence for plaintiff the court instructed the jury to return a verdict for the defendant, and the jury having returned this verdict, judgment was entered against the plaintiff for costs and the Appellate Court affirmed the judgment. On appeal to this court without a certificate of importance the appeal was dismissed for want of jurisdiction, because the judgment was for less than $1000. On page 388 we said: "The contention of counsel is, that inasmuch as the court below instructed the jury to find for the defendant, 'no trial on an issue of fact' was had in that court, and therefore the amount claimed in the declaration determines the right of appeal. We do not think the proposition is one admitting of discussion. That there was a trial on an issue of fact is too clear for argument. All that can be said is, that that trial resulted in a finding against the plaintiff because of a peremptory instruction of the court, rather than from general instructions as to the law of the case." The *Fisher case* was reviewed and the rule as therein announced was adhered to in *Cummings* v. *Chicago and Northwestern Railway Co.* 189 Ill. 608, and in *Robards* v. *Wabash Railroad Co.* 194 id. 361. The decision in the case now under consideration must be controlled by those decisions and by the case of *People* v. *Midkiff,* 174 Ill. 323. That was an action of debt on the official bond of a constable for wrongfully levying on the property of plaintiff a writ of attachment which had been issued against another person. The damages claimed were $1000. On a trial before a jury a verdict was returned for defendants and a judgment rendered against plaintiff for costs, which was affirmed by the Appellate Court. There was no certificate of importance by the judges of the Appellate Court and an appeal to this court was dismissed for want of jurisdiction.

The motion of the defendants in error to dismiss the writ of error is allowed.                    *Writ dismissed.*