## Charles M. Peirce, Appellant, v. Levi W. Sholtey and D. A. Taylor, Appellees.

1. PLEADING, § 104*—*how many pleas party may file.* A party may file as many pleas as he may deem necessary for his defense, and each plea stands by itself and forms a distinct issue.

2. PLEADING, § 104*—*when pleas not inconsistent.* Pleas of general issue and denying joint liability are not inconsistent.

3. SET-OFF AND RECOUPMENT, § 28*—*when party may recoup damages under general issue.* A party may recoup damages under the general issue where the damages arise out of the transaction which is the subject of the plaintiff's action.

4. ATTORNEY AND CLIENT, § 137*—*when instruction as to fees not misleading.* In an action for attorney's fees, an instruction that the burden of proof is on the plaintiff to prove his case by a preponderance of evidence, and if he has failed to make such proof the jury should find the issue for the "defendant," is not misleading though there were two defendants, and such instruction is not erroneous as placing the burden of proving every issue by a preponderance of the evidence.

5. ATTORNEY AND CLIENT, § 137*—*when instructions as to liability, for fees inaccurate.* In an action against two defendants to recover attorney's fees, instructions requiring the plaintiff to prove that he was employed by both defendants were inaccurate, where one defendant admitted joint liability by his default but his admission was not binding on the other defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. ATTORNEY AND CLIENT, § 137*—*when party entitled to instructions.* In an action for attorney's fees, where a plea of the Five-Year-Statute of Limitations was on file, the plaintiff was entitled to have the jury instructed on the legal question raised by the plea; and the error in refusing instructions was not remedied by the withdrawal of the plea after the verdict and filing of a motion for new trial, or by the fact that the defendant asked no instructions as to the plea.

7. ATTORNEY AND CLIENT, § 137*—*when instruction properly refused.* In an action for attorney's fees, a requested instruction as to the question of recoupment was properly refused where it limited the right to recoup to the loss of a valid claim, and made no reference to money paid out by reason of any negligence of the plaintiff, if any was so paid, and where a proper instruction on the subject was given.

8. ATTORNEY AND CLIENT, § 137*—*what instructions erroneous.* In an action for attorney's fees, instructions that a claim of recoupment was an admission by the defendant that the amount claimed in the declaration was due, and that the filing of the general issue waived a plea denying joint liability, were properly refused since they did not state a correct proposition of law.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed July 2, 1914. Rehearing denied October 7, 1914.

CHARLES M. PEIRCE and D. D. DONAHUE, for appellant.

WELTY, STERLING & WHITMORE, for appellee Levi W. Sholtey.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This suit was brought by Charles M. Peirce in March, 1913, to recover attorney's fees from Levi W. Sholtey and D. A. Taylor for services averred to have been rendered for defendants by plaintiff. The declaration consists of one count in assumpsit in which the *ad damnum* is laid at $2,500, to which is attached a bill of particulars containing items of charges ex-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tending from January, 1905, to October, 1909, amounting to $6,192.05, and items of credit amounting to $1,258.90. This bill of particulars was afterwards amended by adding items amounting to $750, for services from January, 1903, to December, 1904. The defendant Taylor was defaulted. The defendant Sholtey filed three pleas: (1) A plea of the general issue; (2) a verified plea denying joint liability; and (3) a plea of the Five-Year-Statute of Limitations.

The case was tried by a jury and a verdict returned in favor of defendants, on which judgment was rendered. The plaintiff prosecutes this appeal.

Appellant claims to have earned the attorney's fees for which he sues in litigation arising out of the making of a judgment note for $1,200, by Otto Taylor and Mary E. Taylor. Mary E. Taylor is a daughter of Levi W. Sholtey and the wife of Otto Taylor. Judgment in favor of George Johnson was entered on the said note, and an execution was issued on that judgment and levied by the sheriff of Ford county on some farm stock and machinery of the value of about $1,600 that was claimed to be the property of Levi W. Sholtey, Otto Taylor, D. A. Taylor and other persons. The part of this property that was claimed to be owned by Sholtey was of the value of about $1,250, and D. A. Taylor owned most of the remainder of the property. The litigation began in 1903 and continued to 1910.

After the sheriff had levied on the property, Sholtey and D. A. Taylor, who are farmers in Ford county, went to Paxton, where Sholtey employed Peirce to recover the property claimed by him. Taylor was with Peirce at the time Peirce was employed, and Peirce claims he was employed by Sholtey and Taylor jointly. Sholtey and Taylor also went to the office of Schneider & Schneider, attorneys at Paxton, and they were retained, Sholtey claims by Taylor, but Schneider & Schneider claim they were retained by both Sholtey and Taylor. However, after the retainer of counsel,

notice of trial of the right of property in the County Court was given, and a trial resulted in a judgment in favor of the claimants, from which no appeal was taken.

Before the trial of the right of property and the various suits for which appellant claims fees, Otto Taylor and Mary E. Taylor were adjudged bankrupts. After the trial of the right of property, in which it was adjudged that Sholtey was entitled to the possession of the property claimed by him, the sheriff, instead of returning the property to Sholtey, turned it over to H. Clay Wilson, trustee in bankruptcy of the estate of Otto Taylor, on an *ex parte* order of the United States District Court.

Appellant entered a limited appearance for Sholtey in the Taylor bankruptcy matter in the Federal District Court, made a motion to set aside the order on the sheriff to turn the property over to the trustee and filed a plea to the jurisdiction of that court, but filed no plea of prior adjudication. That court simply passed on the question of jurisdiction and did not pass on the motion to vacate the order to turn the property over to the sheriff. This suit was appealed by Sholtey, on the advice of appellant, to the United States Circuit Court, where the appeal was dismissed, and the court suggested that a petition be filed in the District Court to review the *ex parte* order to turn the property over to the sheriff. That was done and that order was vacated.

In the meanwhile Wilson, the trustee, had advertised the property and sold it as the property of Otto Taylor, bidding it in himself at $975. Sholtey was advised by appellant not to buy the property at the sale, but an agreement was made between Sholtey and the trustee, under which Sholtey accepted the property from the trustee at $975, and the trustee was to hold the money until the District Court decided who was entitled to it. When the *ex parte* order had been

vacated, the court directed the trustee to turn the $975 over to Sholtey.

Peirce brought suit against the sheriff and his bondsmen to recover the value of the property which the sheriff had turned over to the trustee. A verdict was obtained for $1,250, which was set aside. A second trial resulted in a judgment for defendants, which was reversed by the Appellate Court, that court in its opinion informing counsel for Sholtey what the remedy and the measure of his damages were. (*People for use of Sholtey v. Crowe,* 130 Ill. App. 349). On a retrial in the Circuit Court a judgment in favor of Sholtey for one cent was rendered, the trial court holding that under the declaration only nominal damages could be recovered. On the trial of that case in the Circuit Court, the trial court pointed out to appellant why only nominal damages could be recovered, and suggested that the declaration be amended that actual damages might be recovered, but appellant, as attorney for Sholtey, declined to accept the suggestion of the court. That case on appeal by Sholtey was affirmed by the Appellate Court. (*People for use of Sholtey v. Crowe,* 145 Ill. App. 450).

After the Federal Court had directed the trustee to turn the $975 over to Sholtey, appellant advised him not to accept it and that he was entitled to all his costs and expenses in getting the *ex parte* order vacated. After the suit against the sheriff and his bondsmen had been disposed of, Sholtey employed other counsel who advised him to accept the $975 and interest, which was then paid to Sholtey by the trustee, who had been willing and anxious to pay it to him ever since the Federal Court had revoked the *ex parte* order. There was also a replevin suit for a horse and buggy worth $150, resulting in a judgment for Sholtey, from which no appeal was taken.

The foregoing appears to be a summary of the litigation in which Sholtey was interested.

There was other litigation to which Sholtey was not a party arising out of these matters in which appellant, as counsel, took part, but Sholtey insists without his direction. Among these proceedings was an indictment against certain parties for conspiracy in obtaining the judgment note; the presentation of the claim of Johnson against the bankrupt estate; a suit for damages against Johnson and his attorneys and the trustee in bankruptcy; a suit of Taylor against the sheriff for levying on exempt property; an appeal of that case to the Appellate Court (*Taylor v. Crowe,* 122 Ill. App. 518) and the taxation of costs in several of the cases.

From the evidence it is clear that all the property that appellee had involved in this litigation was about $1,250, and that the trial of the right of property settled this right to the recovery of what he claimed. While the sheriff turned that property over to the trustee in bankruptcy on an order wrongfully obtained from the Federal Court, that court ordered it transferred back to appellee when a motion was made asking that it be done and a ruling made thereon. There was a large amount of useless, protracted and needless litigation that occupied the time of counsel and the courts for several years. The appellee has paid to appellant $2,096, of which appellant has expended for costs and expenses about $855, leaving $1,241 as fees received by appellant, in addition to which Sholtey has paid to Schneider & Schneider $1,375, and to other counsel $200, as attorneys' fees in this litigation.

The appellee, Sholtey, first filed a plea, properly verified, denying joint liability. Afterwards a plea of the general issue was filed. The appellant contends that by filing the plea of the general issue appellee waived all right to insist on appellant proving the joint liability of appellees. In this State it is uniformly held that a party may file "as many pleas as he may deem necessary for his defense, each plea stands by itself and forms a distinct issue, and it is not an objection

that some are inconsistent with each other; for example, where the general issue is pleaded, and with it a plea in bar, or tender, or the statute of limitations.'' *Farnan v. Childs,* 66 Ill. 544. The pleas of general issue and denying joint liability are not inconsistent. That contention of appellant is not well founded.

It is also contended that the appellee Sholtey could not recoup damages occasioned by any carelessness of appellant. The appellee contends that his matters were not properly attended to, and that appellant gave him very negligent professional advice in his legal matters and that the services were not only worthless to appellant but detrimental. The damages, if any sustained by appellee, from the action of appellant in appellee's legal matters out of the conduct of the suits for which appellant seeks to recover fees, relate to and are a part of those transactions. A party may recoup damages under the general issue, where the damages arise out of the transaction which is the subject of plaintiff's action. *Waterman v. Clark,* 76 Ill. 428.

Complaint is made concerning certain instructions given at the request of Sholtey. The first instruction tells the jury that the burden of proof is on the plaintiff to prove his case by a preponderance of the evidence, and if he has failed to make such proof they should find the issues for the defendant. It is contended that this instruction is misleading because there were two defendants. The jury could not be misled by the use of the word ''defendant'' for ''defendants.'' It is also said, it placed the burden of proving every issue by a preponderance of the evidence; it only placed the burden of proving his case on the plaintiff. There was no reversible error in this instruction.

The second, third, fourth, fifth and sixth instructions given for Sholtey each relate to different suits in which Sholtey was not a party. They tell the jury that before the appellant can recover for fees in such matters he must prove by a preponderance of the evidence

that he was employed by both the defendants. The defendant Taylor admitted by his default that he was jointly liable for such matters with Sholtey, but the admission of Taylor was not evidence against Sholtey that appellee Sholtey and he jointly employed appellant. Appellant might have been employed by both Taylor and Sholtey separately. The plea required that appellant prove by a preponderance of the evidence that Sholtey and Taylor jointly employed appellant in the several matters for which appellant was seeking to recover. These instructions are inaccurate. They technically state a proposition of law more in favor of appellant than he was entitled to.

It is also contended that the court erred in refusing certain instructions requested by appellant. Five instructions refused pertain to the Five-Year-Statute of Limitations. This is not a case where the defendant had to introduce proof to sustain the statute of limitations. The proof offered by plaintiff showed that the contract, for whatever he was retained to attend to, was oral and that the services began eleven years before the suit was brought. A plea of the Five-Year-Statute of Limitations was on file. The statement of the account as amended, and concerning which there is some proof, extended over the entire time of the litigation. With the plea on file appellant was entitled to have the jury instructed on the legal question raised by the plea. After the verdict and the filing of a motion for a new trial, counsel for Sholtey obtained leave to withdraw the plea. That could not remedy an error in refusing instructions on the question raised by the plea, neither would the fact that appellee asked no instructions concerning the statute deprive appellant of his right to have proper instructions given on the questions raised by the plea while it remained an issue in the case before the jury.

The third refused instruction of appellant is concerning the question of recoupment. It was properly

refused because it limited the right to recoup to the loss of a valid claim, and made no reference to money paid out by reason of any negligence of appellant, if any was so paid, and all that was proper in this instruction was given in appellant's third given instruction. The fourth refused was fully given in appellant's second and fourth instructions.

The sixth, refused, told the jury that a claim of recoupment was an admission by the defendant that the amount claimed in the declaration was due. The seventh, refused, told the jury that the filing of the general issue waived the plea denying joint liability. Neither of these last mentioned instructions state a correct proposition of law. Some other matters are presented by the voluminous argument and brief of appellant which we do not deem it necessary to review, as we find no merit in them.

For the error in refusing to give any instruction requested by appellant on the questions raised by the plea of the statute of limitations and the giving of instructions which required plaintiff to prove that he was employed by both defendants, when technically the requirement should have been that he was employed by the defendants jointly, the judgment is reversed and the cause remanded.

*Reversed and remanded.*